IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01503-WJM-MEH

EDWARD E. BURR,

    Plaintiff,

v.

SHAEL MOYER,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Unopposed Motion for Attorneys' Fees and Costs [filed February 16, 2012; docket #46]. This matter has been referred to the Court for recommendation.[1] (Docket #47). Because the motion is unopposed, the Court decides the matter without a response from Defendant. *See* D.C. Colo. LCivR 7.1C. Oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court RECOMMENDS that Plaintiff's Unopposed Motion for Attorneys' Fees and Costs be **granted**.[2]

---

[1] Pursuant to Fed. R. Civ. P. 54(d)(2)(D), the District Court may refer a motion for attorney's fees to a Magistrate Judge under Fed. R. Civ. P. 72(b) as if it were a dispositive pretrial matter.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

## I. Background

The Factual Background stated in the District Court's Order on Cross Motions for Summary Judgment is incorporated by reference. (*See* docket #44.) Essentially, the lawsuit arises from a contract dispute between the Plaintiff and Defendant. (*See id.*) In its Order, the District Court granted Plaintiff's motion for summary judgment [docket #27] and denied a similar motion for summary filed by Defendant [docket #25]. (Docket #44 at 1.) The District Court concluded that Defendant defaulted on the agreement and that Plaintiff was entitled to receive the Earnest Money of $100,000.00 as liquidated damages. (*Id*. at 13-14.) In addition, the District Court found that the parties' contract permitted the prevailing party to recover its costs and attorney's fees in the event of arbitration or litigation. (*Id.* at 13.) Because Plaintiff was the "prevailing party," the District Court determined that he was entitled to recover his costs and expenses, including reasonable attorney and legal fees. (*Id.*) Consistent with this finding, the District Court directed Plaintiff to file a motion for costs and expenses within fourteen days of the Order. (*Id*. at 14. ) Plaintiff filed the present motion, which Defendant does not oppose. (Docket #46.)

## II. Discussion

Although the determination of reasonableness and the amount of attorney's fees is generally left to the discretion of the district court, the district court has far less equitable discretion in cases where attorney's fees are governed by contract. *Student Marketing Group Inc. v. College P'ship, Inc.*, 247 F. App'x 90, 103 (10th Cir. 2007). "In a contract case, the district court is merely expected to enforce the benefit of the bargain and make the non-breaching party whole." *Id.* (internal quotations omitted). The district court "is not responsible for independently calculating a reasonable

---

Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

fee and should only reject the contractually-stipulated award if it is unreasonable or inequitable." *Id*. (internal quotations omitted).

In this case, the District Court found that Plaintiff was entitled to fees and costs pursuant to a contract agreed upon by the parties. (Docket #44 at 13.) Thus, the Court declines to conduct an independent and itemized assessment of the reasonableness of the reported rates and hours. *See Student Marketing Group*, 247 F. App'x at 130. Upon review of the affidavit attached to Plaintiff's motion and in consideration of Defendant's lack of objection to the amounts stated therein, the Court finds that the fees and costs Plaintiff requests are neither unreasonable nor inequitable. (*See* docket #46-1.)

### III. Conclusion

Accordingly, for the reasons stated above, the Court respectfully recommends that Plaintiff's Unopposed Motion for Attorneys' Fees and Costs [filed February 16, 2012; docket #46] be **GRANTED** and that Plaintiff be awarded a total amount of $51,029.69, including $49,362.00 in attorney's fees and $1,667.69 in costs.

DATED this 23rd day of February, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge